```
                    UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF WASHINGTON
                          SEATTLE, WASHINGTON
```

___ FILED      ___ ENTERED
___ LODGED     ___ RECEIVED

NOV 21 2007    LK

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
                        DEPUTY

Gabriel Ruiz-Diaz, Hyun Sook Song,
Cindy Lee Marsh, and Gadiel Gomez,

    Plaintiffs

vs.

United States of America;
U.S. Citizenship and Immigration Services;
U.S. Department of Homeland Security;
U.S. Department of Justice;
Emilio Gonzalez, Director of Citizenship and Immigration Services;
Michael Cherthoff, Secretary of Department of Homeland Security
Michael Mukasey, Attorney General

    Defendants

No. C 07-1881 RSL

Complaint
Class Action



07-CV-01881-CMP

## INTRODUCTION

1. This is a class action lawsuit brought on behalf of certain religious workers who are statutorily eligible to file applications for adjustment of status under INA §245, 8 U.S.C. §1255, but whose applications the Citizenship and Immigration Services ("CIS") refuses to accept.

2. Family-based applicants for permanent resident status and non-religious employment-based applicants for permanent resident status can file a petition for an immigrant visa and an application for adjustment of status ("AOS") concurrently. Concurrent filing provides important benefits to both the applicant, and his or her family members. Once CIS accepts the application for adjustment of status for filing, the applicant is allowed to remain in the United States and obtain work authorization pending the final adjudication of the petition for an immigrant visa and the application

COMPLAINT - 1

1  for adjustment of status. Religious workers, however, are denied this benefit.

2      3. It is the policy and practice of CIS to refuse to accept the application for
3  adjustment of status from religious workers until the associated petition for an immigrant
4  visa has been approved. As a result, if there is a delay in the adjudication of the religious
5  worker's petition for an immigrant visa and the applicant's non-immigrant status expires,
6  then that person is required to stop his or her religious work and leave the United States.
7  Commonly, religious workers initially enter the United States in a non-immigrant
8  capacity valid for up to five years. At the end of that time, they may either depart the
9  U.S. or adjust status to permanent resident status if they are continuing in their religious
10 occupation.

11     4. CIS acts unlawfully in refusing to accept the concurrent AOS applications filed
12 by religious workers, when it accepts such applications from other similarly situated
13 employment-based and family-based applicants for permanent resident status. CIS's
14 policy and practice constitutes a violation of the Immigration and Nationality Act
15 ("INA"); the First Amendment and the Equal Protection Guarantee of the United States
16 Constitution; and the Religious Freedom Restoration Act ("RFRA").

17     5. Plaintiffs and the class members they represent seek judicial review under the
18 Administrative Procedure Act of CIS's policy and practice of refusing to accept
19 applications for adjustment of status, and an order that those applications must be
20 accepted and adjudicated.

21
22                                           PARTIES

23     6. Plaintiff Cindy Lee Marsh is a citizen of South Africa. She is currently in the
24 United States on a religious worker visa (R-1 visa). She works as the Children's
25 Ministry Director for Impact Church International in Gig Harbor, Washington.

26     7. Plaintiff Gabriel Ruiz-Diaz is a citizen of Mexico. He is currently in the United
27 States on a religious worker visa (R-1 visa). He works as the Pastor of the Church of the
28 Nazarene in Kent, Washington.

8. Plaintiff Hyun Sook Song is a citizen of South Korea. She is currently in the United States on a religious worker visa (R-1 visa). She works as the Children's Minister at Zion Castle Church in Federal Way, Washington.

9. Plaintiff Gadiel Gomez is a citizen of Guatemala. He is currently in the United States on a religious worker visa (R-1 visa). He works as the Pastor of Central Presbyterian Church in Norwichtown, Pennsylvania.

10. Defendant United States of America is responsible for the adjudication of the applications for adjustment of status that the Plaintiffs and the class members they represent have filed or will file.

11. Defendant U.S. Citizenship and Immigration Services is the administrative agency of the United States that is responsible for the adjudication of the applications for adjustment of status that the Plaintiffs and the class members they represent have filed or will file. CIS is a bureau within the Department of Homeland Security.

12. Defendant U.S. Department of Homeland Security is the agency of the United States that is ultimately responsible for the enforcement of immigration laws and granting immigration benefits. CIS is a bureau within the Department of Homeland Security.

13. Defendant U.S. Department of Justice is an agency also responsible for implementing and enforcing the Immigration and Nationality Act ("INA"). The Executive Office for Immigration review is an agency within the Department of Justice that has responsibility for applying the INA to persons who appear before immigration judges in removal proceedings.

14. Defendant Emilio Gonzalez is the Director of CIS. He is responsible for the adjudication of the applications for adjustment of status that the Plaintiffs and the class members they represent have filed or will file. He is sued in his official capacity.

15. Defendant Michael Chertoff is the Secretary of the Department of Homeland Security. He is the administrative official ultimately responsible for the adjudication of the applications for adjustment of status that the Plaintiffs and the class members they

represent have filed or will file. He is sued in his official capacity as the Secretary of the Department of Homeland Security, the executive officer with authority over the Citizenship and Immigration Services.

16. Defendant Michael Mukasey is the Attorney General of the United States. He is the executive officer with authority over the Executive Office for Immigration Review. He is sued in his official capacity.

## JURISDICTION

17. This court has jurisdiction pursuant to 28 U.S.C. §1331 (federal question jurisdiction); 28 U.S.C. §1651 (the All Writs Act); and 28 U.S.C. §1361 (jurisdiction over actions for mandamus). The Administrative Procedures Act, 5 U.S.C. §701 et seq. applies to this lawsuit.

## VENUE

18. Venue properly lies in the Western District of Washington pursuant to 28 U.S.C. §1391(e) and 28 U.S.C. §1402(b) because the United States government is a defendant, and several plaintiffs reside in this judicial district.

## FACTUAL BACKGROUND

19. United States immigration law distinguishes between nonimmigrants, who have permission to remain in the United States temporarily, see INA §101(a)(15), 8 U.S.C. §1101(a)(15) (list of nonimmigrant categories) and immigrants, who have permission to reside in the United States permanently, see INA §201(b)(2)(A), 8 U.S.C. §1151(b)(2)(A), and INA §203(a) and (b), 8 U.S.C. §1153(a) and (b) (list of immigrant categories).

20. For purposes of this lawsuit, the relevant non-immigrant category is INA §101(a)(15)(R), which establishes a non-immigrant visa category for certain religious workers. Individuals who qualify for an R visa are allowed to remain in the United

GIBBS HOUSTON PAUW
1000 SECOND AVENUE, SUITE 1600
SEATTLE, WASHINGTON 98104-1094
(206) 682-1080

States in order to perform religious work for up to five years. INA §101(a)(15)(R)(ii). Family members (spouse and children) are eligible to remain in the United States as derivative beneficiaries for the same amount of time. 8 C.F.R. §214.2(r)(8). If approved for an R-visa, the initial period of authorized stay in the United States is valid for a period of up to three years, which can be extended for a period of two additional years. 8 C.F.R. §214.2(r)(4) and (5).

21. Immigrant visas are divided into family-based visas, described in INA §201(b)(2)(A), 8 U.S.C. §1151(b)(2)(A) ("immediate relatives") and §203(a), 8 U.S.C. §1153(a) (other family members), and employment-based immigrant visas, described in INA §203(b), 8 U.S.C. §1153(b).

22. The first step in obtaining permanent resident status is for the appropriate family member or employer to file an immigrant visa petition to classify the non-citizen in the appropriate immigrant category. In the case of family-based immigrant visas, the U.S. citizen family member files a Petition for Alien Relative (Form I-130) for the benefit of the non-citizen. In the case of employment-based immigrant visas, for non-citizens who fall under the first three employment categories (INA §203(b)(1), (2), or (3)), the U.S. employer files an Immigrant Petition for Alien Worker (Form I-140). If the non-citizen falls under the fourth employment category (INA §203(b)(4) (religious worker), then the employer (which must be a recognized religious organization) files a Petition for Special Immigrant (Form I-360). The approval of the visa petition constitutes the agency's finding that the non-citizen is classified in the appropriate immigrant category.

23. The second step in the immigration process is for the non-citizen to file an application for permanent resident status (application for adjustment of status) (Form I-485). If the non-citizen is lawfully in the United States on a non-immigrant visa category, he or she can adjust status in the United States pursuant to INA §245, 8 U.S.C. §1255, if the statutory requirements are met. Immediate family members of the primary applicant are considered derivative beneficiaries and can apply to adjust status at the

GIBBS HOUSTON PAUW
1000 SECOND AVENUE, SUITE 1600
SEATTLE, WASHINGTON 98104-1094
(206) 682-1080

1  same time. INA §203(d), 8 U.S.C. §1153(d).

2  24. Certain individuals who would otherwise be eligible for adjustment of status may be disqualified by operation of INA §245(c), which provides that individuals who are out of status or who have worked without authorization are not eligible for adjustment of status.

25. There is no statutory requirement that before the application for adjustment of status (Form I-485) is filed, an immigrant visa petition (Form I-130, I-140, or I-360) must be approved; the statute provides only that an application for adjustment of status may be filed if the applicant "is eligible to receive an immigrant visa." INA §245(a)(2), 8 U.S.C. §1255(a)(2).

26. The Immigration Service has taken the position that an immigrant visa petition and an application for adjustment of status can be filed concurrently if the applicant is a family-based petitioner or if the applicant falls under one of the first three employment-based visa categories. In other words, under CIS policies a family-based applicant can can file an I-130 and I-485 application concurrently, and a non-religious worker can file an I-140 and I-485 application concurrently. However, CIS refuses to accept concurrently filed I-360 and I-485 applications from religious workers. In other words, if the applicant is a religious worker, then CIS will refuse to accept the concurrently filed applications.

27. Plaintiff Cindy Lee Marsh is in the United States on a religious worker visa. On or about August 28, 2006, Impact Church International filed an I-360 petition for the benefit of Plaintiff Marsh. This application has not been approved and it is still pending. Plaintiff Marsh is eligible to file an application for adjustment of status. On or about November 8, 2007 Plaintiff Marsh submitted an application for adjustment of status to CIS. Because of its discriminatory policies, CIS has refused to accept or will refuse to accept this application for adjustment of status.

28. Plaintiff Gabriel Ruiz-Diaz is in the United States on a religious worker visa. On or about November 16, 2007, the Church of the Nazarene filed an I-360 petition for

1  the benefit of Plaintiff Ruiz-Diaz. This application has not been approved and it is still
2  pending. Plaintiff Ruiz-Diaz is eligible to file an application for adjustment of status.
3  On or about November 16, 2007 Plaintiff Ruiz-Diaz submitted an application for
4  adjustment of status to CIS. Because of its discriminatory policies, CIS has refused to
5  accept or will refuse to accept this application for adjustment of status.
6      29. Plaintiff Hyun Sook Song is in the United States on a religious worker visa.
7  On or about May 12, 2006, Zion Castle Church filed an I-360 petition for the benefit of
8  Plaintiff Song. This application has not been approved and it is still pending. Plaintiff
9  Song is eligible to file an application for adjustment of status. On or about July 11, 2007
10 Plaintiff Song submitted an application for adjustment of status to CIS. Because of its
11 discriminatory policies, CIS refused to accept this application for adjustment of status
12 and on August 29, 2007 CIS returned the application to Plaintiff Song.
13     30. Plaintiff Gadiel Gomez is in the United States on a religious worker visa. On
14 or about October 6, 2006, Central Presbyterian Church filed an I-360 petition for the
15 benefit of Plaintiff Gomez. This application has not been approved and it is still
16 pending. Plaintiff Gomez is eligible to file an application for adjustment of status.
17 Plaintiff Gomez desires to file an application for adjustment of status but he is prevented
18 from doing so because of CIS's discriminatory policies. Planitiff Gomez would file an
19 application for adjustment of status but for CIS's discriminatory and unlawful policy of
20 refusing to accept concurrent filings from religious workers.
21     31. There is no rational basis for CIS to accept concurrently filed AOS
22 applications from family-based applicants and from non-religious employment-based
23 applicants, but to refuse to accept concurrently filed AOS applications filed for the
24 benefit of religious workers.
25     32. Plaintiffs Cindy Lee Marsh, Gabriel Ruiz-Diaz, Hyun Sook Song, and Gadiel
26 Gomez, and the class members of this lawsuit are statutorily eligible to file applications
27 for adjustment of status (Form I-485) and by law their applications should be accepted
28 and adjudicated.

33. The policy of CIS to refuse to accept the applications for adjustment of status from Plaintiffs Cindy Lee Marsh, Gabriel Ruiz-Diaz, Hyun Sook Song, and Gadiel Gomez, and from the class members of this lawsuit, substantially burdens the exercise of religion by Plaintiffs, class members, and by U.S. citizens and permanent residents of the religious organizations for whom these individuals work.

## CLASS ACTION ALLEGATIONS

34. Plaintiffs bring this action on behalf of themselves and all other persons similarly situated pursuant to F.R.C.P. Rules 23(a) and 23(b). The class, as proposed by plaintiffs, is defined as follows:

> all individuals (and their derivative family members) currently in the United States who are beneficiaries of a Petition for Special Immigrant (Religious Worker) (Form I-360) that has been filed or will be filed, and who would be eligible to file an Application for Adjustment of Status (Form I-485) but for CIS's policy codified at 8 C.F.R. §245.2(a)(2)(i)(B) that the immigrant visa petition (Form I-360) must be approved before the application for adjustment of status can be filed.

35. The requirements of Rules 23(a) and 23(b)(2) are met in that the class is so numerous that joinder of all members is impracticable (plaintiffs estimate that there are at least between 500 and 1,000 individuals in the defined class); there are questions of law and fact common to the class (whether CIS's policy codified at 8 C.F.R. §245.2(a)(2)(i)(B) is lawful and constitutional); the claims of the representative parties are typical of the claims of the class; the representative parties will fairly and adequately represent the interests of the class in that their claims are typical of the claims of the class and they are represented by pro bono counsel with extensive expertise in class action litigation regarding the rights of immigrants; and the party opposing the class has acted on grounds generally applicable to the class, thereby making appropriate final injunctive relief with respect to the class as a whole.

## IRREPARABLE INJURY

36. Plaintiffs, members of the class, and U.S. citizens and permanent residents who employ, worship with and associate with class members have suffered and will suffer irreparable harm because of the challenged policies and practices of the

Defendants as described throughout this complaint.

## CAUSES OF ACTION

37. The decision of CIS to refuse to accept applications for adjustment of status from Plaintiffs and class members violates the Immigration and Nationality Act, INA §245(a), (c) and (k), 8 U.S.C. §1255(a), (c) and (k), and the Due Process Clause of the United States Constitution.

38. Plaintiffs and class members of this lawsuit are statutorily eligible under INA §245, 8 U.S.C. §1255, to file applications for adjustment of status. CIS's refusal to accept the applications for adjustment of status and adjudicate those applications constitutes a violation of the Immigration and Nationality Act and a violation of the Due Process Clause of the United States Constitution.

39. CIS's policy of refusing to accept concurrently filed I-360 and I-485 applications for the benefit of religious workers, when it accepts concurrently filed I-130 and I-485 applications for the benefit of family members and also accepts concurrently filed I-140 and I-485 applications for the benefit of non-religious workers, constitutes unlawful discrimination against religious organizations and religious workers, and violates the Equal Protection Guarantee of the United States Constitution.

40. CIS's policy of refusing to accept concurrently filed I-360 and I-485 applications for the benefit of religious workers, when it accepts concurrently filed I-130 and I-485 applications for the benefit of family members and also accepts concurrently filed I-140 and I-485 applications for the benefit of non-religious workers, constitutes unlawful discrimination against religious organizations and religious workers, and violates the Religious Freedom Restoration Act.

41. The refusal of CIS to grant employment authorization to Plaintiffs and class members who would be eligible to file applications for adjustment of status, but for CIS's policy of not accepting concurrently filed petitions for immigrant visas and applications for adjustment of status, violates the governing regulations and constitutes

unlawful discrimination against religious organizations and religious workers, and also violates RFRA and the First Amendment and the Equal Protection Guarantee of the United States Constitution.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs request that this Court grant the following relief:

(1) Accept jurisdiction over the claims presented in this lawsuit;

(2) Declare that Plaintiffs and class members are statutorily eligible to file applications for adjustment of status, and that the I-485 applications they have filed shall be deemed to have been filed on the date that such applications are submitted to CIS;

(3) Declare that CIS's refusal to accept concurrently filed petitions for religious workers (Form I-360) and applications for adjustment of status (Form I-485) violates the Equal Protection Guarantee of the United States Constitution and violates the Religious Freedom Restoration Act;

(4) Declare that, for purposes of INA §245(c), 8 U.S.C. §1255(c) and INA §245(k), 8 U.S.C. §1225(k), Plaintiffs and class members who have filed or will concurrently file a Petition for Immigrant Visa (Form I-360) and Application for Adjustment of Status (Form I-485) do not thereafter accrue time in which they have failed to maintain continuous lawful status, engaged in unauthorized employment, or otherwise violated the terms and conditions of their immigration status, and that no such period of time shall begin except in accordance with the orders of this Court;

(5) Declare that, for purposes of INA §212(a)(9)(B), 8 U.S.C. §1182(a)(9)(B), Plaintiffs and class members who have filed or will concurrently file a Petition for Immigrant Visa (Form I-360) and Application for Adjustment of Status (Form I-485) do not thereafter accrue "unlawful presence", and that "unlawful presence" shall not begin to accrue except in accordance with the orders of this Court;

(6) Declare that Plaintiffs and class members who have filed or will concurrently

1  file a Petition for Immigrant Visa (Form I-360) and Application for Adjustment of Status
2  (Form I-485) are eligible for employment authorization pursuant to 8 C.F.R.
3  §274a.12(c)(9), and order CIS to accept and adjudicate such applications for employment
4  authorization (Form I-765) in the same manner that such applications filed by other
5  family-based and employment-based applicants are adjudicated;

6      (7) Grant an award of attorneys' fees and costs;
7      (8) Grant such other relief as may be just and reasonable.

9  Dated this 21st day of November, 2007.

*[signature: Robert Pauw]*

Robert Pauw
Robert Gibbs
Mari Matsumoto
GIBBS HOUSTON PAUW
Attorney for Plaintiffs

COMPLAINT - 11