07-CV-01881-M

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE, WASHINGTON

FILED ——— ENTERED
LODGED ——— RECEIVED

NUV 21 2007  LK

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

|  |  |
|---|---|
| Gabriel Ruiz-Diaz, Hyun Sook Song, Cindy Lee Marsh, and Gadiel Gomez,<br><br>Plaintiffs<br><br>vs.<br><br>United States of America; et al.<br><br>Defendants | No. **C 07-1881**<br>**RSL**<br><br>Motion for Temporary Restraining Order<br><br>Note For: December 3, 2007 |

## FACTUAL BACKGROUND[1]

The Plaintiffs, Cindy Lee Marsh, Gabriel Ruiz-Diaz, Hyun Sook Song, and Gadiel Gomez, are religious workers. They are in valid non-immigrant religious worker (R-1 visa) status which will expire in the near future. Plaintiffs Gabriel Ruiz-Diaz, Hyun Sook Song and Gadiel Gomez have family members who have derivative status (R-2 visa), which will also expire in the near future. The Plaintiffs and their family members are eligible to apply for adjustment of status under INA §245(a), 8 U.S.C. §1255(a).

All of the Plaintiffs are beneficiaries of a Petition for Special Immigrant (Form I-360). On or about August 28, 2006, Impact Church International in Gig Harbor, Washington filed an I-360 petition for the benefit of Plaintiff Marsh. On or about November 16, 2007, the Church of the Nazarene in Kent, Washington filed an I-360 petition for the benefit of Plaintiff Ruiz-Diaz. On or about May 12, 2006, Zion Castle Church in Federal Way, Washington filed an I-360 petition for the benefit of Plaintiff Song. On or about October 6, 2006, Central Presbyterian

---

[1] The facts described in this section are based on the attached Declarations and Exhibits.

GIBBS HOUSTON PAUW
1000 SECOND AVENUE, SUITE 1600
SEATTLE, WASHINGTON  98104-1094
(206) 682-1080

1  Church in Norwichtown, Pennsylvania filed an I-360 petition for the benefit of
2  Plaintiff Gomez.   None of these I-360 petitions filed for the benefit of the
3  Plaintiffs has been approved.  All remain pending.

4      All of the Plaintiffs are statutorily eligible to file an application for
5  adjustment of status and all desire to file an application for adjustment of status.
6  Plaintiffs Cindy Lee Marsh, Gabriel Ruiz-Diaz and Hyun Sook Song have
7  submitted applications for adjustment to CIS.  These applications have been or
8  will be rejected and returned based on CIS's policy, codified at 8 C.F.R.
9  §245.2(a)(2)(i)(B), of refusing to accept concurrent applications from religious
10  workers.  Plaintiff Gadiel Gomez desires to file an application for adjustment of
11  status but he is prevented from doing so because of CIS's policy.

12      If CIS accepts these applications for filing and adjudicates them, then the
13  Plaintiffs and their family members will be authorized to remain in the United
14  States until the applications are adjudicated.  However, pursuant to 8 C.F.R.
15  §245.2(a)(2)(i)(B), CIS has refused or will refuse to accept these applications for
16  adjustment of status.  In addition, CIS has returned or will refused or will refuse to
17  issue employment authorization for the benefit of Plaintiffs.  CIS routinely grants
18  employment authorization for individuals with pending applications for
19  adjustment of status.  See 8 C.F.R. §274a.12(c)(9).  Because of CIS's refusal to
20  accept these applications, the Plaintiffs and their family members will not be
21  allowed to remain in the United States once their R-visas expire; as of the date that
22  their R-visas expire they will begin to accrue "unlawful presence" for purposes of
23  INA §212(a)(9), 8 U.S.C. §1182(a)(9); and they will become ineligible for
24  adjustment of status under INA §245(c), 8 U.S.C. §1255(c).

25      Thus, the Plaintiffs are in a Catch 22 situation: currently they and their
26  family members are statutorily eligible for adjustment of status, but CIS refuses to
27  accept their applications for filing; at some time after their R-visas expire, CIS
28  may accept their applications for filing, but if the applications are filed after the R-

GIBBS HOUSTON PAUW
1000 SECOND AVENUE, SUITE 1600
SEATTLE, WASHINGTON  98104-1094
(206) 682-1080

1  visas expire then CIS will deny the applications pursuant to INA §245(c) because
2  they are out of status.

3       Plaintiffs maintain that CIS's policy of refusing to accept applications for
4  adjustment of status from R-visa holders is unlawful, a violation of the statute and
5  the United States Constitution.  In this motion, Plaintiffs request a temporary
6  restraining order requiring the Defendants to allow Plaintiffs to remain in the
7  United States with employment authorization pending a resolution of the claims
8  presented in this lawsuit.

9  LEGAL ARGUMENT

10       A.   Standard for Temporary Restraining Order.

11       The standard for granting preliminary injunctive relief involves a balancing
12  of the probability of success on the merits with the possibility of irreparable injury.
13  According to the Ninth Circuit, the court must find "either (1) a probability of
14  success on the merits and the possibility of irreparable injury, or (2) that serious
15  legal questions are raised and the balance of hardships tips sharply in the
16  petitioner's favor." Andrieu v. INS, 253 F.3d 477, 479 (9th Cir. 2001) (en banc)
17  (standard for granting a stay of deportation).  The Ninth Circuit has pointed out
18  that:

19          These standards represent the outer extremes of a continuum, with the
20          relative hardships to the parties providing the critical element in
           determining at what point on the continuum a stay pending review is
21          justified.

22  Id. Under this standard, as explained below, temporary injunctive relief should be
   granted for the benefit of the Plaintiffs and their family members.
23

24       B.   Statutory and Regulatory Background for Religious Workers.

25       United States immigration law distinguishes between nonimmigrants, who
   have permission to remain in the United States temporarily, see INA §101(a)(15),
26
   8 U.S.C. §1101(a)(15) (list of nonimmigrant categories) and immigrants, who have
27
   permission to reside in the United States permanently, see INA §201(b)(2)(A), 8
28
   U.S.C. §1151(b)(2)(A), and INA §203(a) and (b) (list of immigrant categories).

GIBBS HOUSTON PAUW
1000 SECOND AVENUE, SUITE 1600
SEATTLE, WASHINGTON  98104-1094
(206) 682-1080

1   For purposes of this case, the relevant non-immigrant category is INA

2   §101(a)(15)(R), which establishes a non-immigrant visa category for certain

3   religious workers. Individuals who qualify for an R-visa are allowed to remain in

4   the United States in order to perform religious work for up to five years. INA

5   §101(a)(15)(R)(ii). Family members (spouse and children) are eligible to remain

6   in the United States as derivative beneficiaries for the same amount of time. 8

7   C.F.R. §214.2(r)(8). If approved for an R-visa, the initial period of authorized stay

8   in the United States is valid for a period of up to three years, which can be

9   extended for a period of two additional years. 8 C.F.R. §214.2(r)(4) and (5).

10       Immigrant visas are divided into family-based visas, described in INA

11   §201(b)(2)(A), 8 U.S.C. §1151(b)(2)(A) ("immediate relatives") and INA §203(a),

12   8 U.S.C. §1153(a) (other family members), and employment-based immigrant

13   visas, described in INA §203(b), 8 U.S.C. §1153(b). The first step in obtaining an

14   immigrant visa is for the appropriate family member or employer to file a visa

15   petition to classify the non-citizen in the appropriate immigrant category. In the

16   case of family-based immigrant visas, the U.S. citizen family member files a

17   Petition for Alien Relative (Form I-130) for the benefit of the non-citizen. In the

18   case of an employment-based immigrant visa, for non-citizens who fall under the

19   first three employment categories (INA §203(b)(1), (2), or (3)), the U.S. employer

20   files an Immigrant Petition for Alien Worker (Form I-140). If the non-citizen falls

21   under the fourth employment category (INA §203(b)(4) (religious worker), then

22   the employer (which must be a recognized religious organization) files a Petition

23   for Special Immigrant (Form I-360). The approval of the visa petition constitutes

24   the agency's finding that the non-citizen is classified in the appropriate immigrant

25   category.

26       The second step in the immigration process is for the person who qualifies

27   for a family-based or employment-based immigrant visa is to file an application

28   for permanent resident status. If the person is in the United States in a non-

GIBBS HOUSTON PAUW
1000 SECOND AVENUE, SUITE 1600
SEATTLE, WASHINGTON 98104-1094
(206) 682-1080

immigrant visa category, he or she can adjust status in the United States pursuant to INA §245, 8 U.S.C. §1255, if the following requirements are met:

(1)    the applicant files an application for adjustment of status;[2]

(2)    the applicant is eligible to receive an immigrant visa;[3]

(3)    the applicant is admissible to the United States for permanent residence;[4]

(4)    an immigrant visa is immediately available at the time the application is filed.[5]

INA §245(a), 8 U.S.C. §1255(a).  Immediate family members of the primary applicant are considered derivative beneficiaries and can adjust status at the same time.  INA §203(d), 8 U.S.C. §1153(d).

Certain individuals who would otherwise be eligible for adjustment of status are disqualified by operation of INA §245(c), which provides that section 245(a) is not applicable (with certain exceptions) to:

an alien . . . who hereafter continues in or accepts unauthorized employment prior to filing an application for adjustment of status or who is in unlawful immigration status on the date of filing the application for adjustment of status or who has failed (other than through no fault of his own or for technical reasons) to maintain continuously a lawful status since entry into the United States.

---

[2]   The application for adjustment of status is filed on Form I-485.

[3]   An applicant is "eligible to receive an immigrant visa" if he or she is eligible to be classified for a family-based visa, or eligible to be classified for an employment-based visa.  In this case, the Plaintiffs are in the "fourth preference employment-based category", INA §203(b)(4).

[4]   An applicant is "admissible to the United States for permanent residence" if he or she is not inadmissible under the grounds of inadmissibility listed in INA §212(a), 8 U.S.C. §1182(a).

[5]   An immigrant visa is "immediately available" if the preference category in which the applicant falls is "current" according to the U.S. Department of State Visa Bulletin issued for the month in which the application for adjustment of status is filed.  See 8 C.F.R. §245.1(g)(1).  In this case, the fourth preference employment-based category is current.

GIBBS HOUSTON PAUW
1000 SECOND AVENUE, SUITE 1600
SEATTLE, WASHINGTON  98104-1094
(206) 682-1080

1 | INA §245(c)(2), 8 U.S.C. §1255(c)(2).[6]

2      A person files an Application for Adjustment of Status by filing Form I-485

3 with the appropriate regional CIS office.  For example, persons living in

4 Washington State file the application with the Nebraska Service Center ("NSC")

5 in Lincoln, Nebraska.  Once the application has been filed, the applicant is

6 allowed to remain in the United States until a decision is made on the application.

7 If a person departs from the United States after filing the I-485 application, then

8 the application is deemed to have been abandoned.  8 C.F.R. §245.2(a)(4)(ii).

9 While the application for adjustment of status is pending, the applicant is entitled

10 to employment authorization.  8 C.F.R. §274a.12(c)(9).

11      There is no statutory requirement that before the application for adjustment

12 of status (Form I-485) is filed, an immigrant visa petition (Form I-130, I-140, or I-

13 360) must be approved; the statute provides only that an application for

14 adjustment of status may  be filed if the applicant "is eligible to receive an

15 immigrant visa." INA §245(a)(2), 8 U.S.C. §1255(a)(2).  The Immigration Service

16 has taken the position that an immigrant visa petition and an application for

17 adjustment of status can be filed concurrently if the applicant is a family-based

18 petitioner or falls under one of the first three employment-based visa categories.

19 In other words, under CIS policies an applicant can file an I-130 and I-485

20 application concurrently, and can file an I-140 and I-485 application concurrently.

21 However, CIS refuses to accept concurrently filed I-360 and I-485 applications.  If

22 the applicant is a religious worker, then CIS will refuse to accept the concurrently

23

24     [6] Section 245(k) provides an exception to this ground for disqualification if:

25 (1) the alien, on the date of filing an application for adjustment of status, is present in the United States pursuant to a lawful admission;

26 (2) the alien, subsequent to such lawful admission has not, for an aggregate period exceeding 180 days -

27     (A)   failed to maintain, continuously, a lawful status;
    (B)   engaged in unauthorized employment; or

28     (C)   otherwise violated the terms and conditions of the alien's admission.

INA §245(k), 8 U.S.C. §1255(k).

GIBBS HOUSTON PAUW
1000 SECOND AVENUE, SUITE 1600
SEATTLE, WASHINGTON  98104-1094
(206) 682-1080

1    filed applications.

2         C.    Likelihood of Success.

3         Plaintiffs challenge CIS policy of refusing to accept concurrently filed

4    applications if they are filed by religious workers as a violation of the statute and

5    the Constitution.  Another similarly situated individual recently prevailed in these

6    arguments in this court.  See Hillcrest Baptist Church v. United States, Case No.

7    06-1042Z (W.D.Wash.), Order dated February 23, 2007, p. 16 ("The Court

8    declares that CIS's policy to accept concurrent filings of Form I-140s and Form I-

9    485s, but not to accept concurrent filings of Form I-360s and Form I-485s . . .

10   violates the Equal Protection component of the Due Process Clause of the Fifth

11   Amendment of the United States Constitution").  The decision in Hillcrest Baptist

12   Church establishes that Plaintiffs have a likelihood of success on the merits of

13   their Equal Protection claim.

14        In addition, it is a clear violation of the statute to refuse to accept

15   applications for adjustment of status from individuals who are eligible to apply.

16   Section 245(a) of the Immigration and Nationality Act establishes the requirement

17   that must be met in order to properly file an application for adjustment of status.

18   The requirements are the following:

19        (1)    the applicant must file an application for adjustment of status;

20        (2)    the applicant must be eligible to receive an immigrant visa;

21        (3)    the applicant must be admissible to the United States;

22        (4)    an immigrant visa must be immediately available at the time the
                 application is filed.

23
     The Plaintiffs in this lawsuit and their family members clearly meet these
24
     requirements.
25
          With respect to requirement (2), the Defendants may argue that the
26
     Plaintiffs are not "eligible to receive an immigrant visa" because the visa petition
27
     (Form I-360) has not been approved.  In other words, Defendants may argue that
28
     the appropriate visa petition classifying the applicant for an immigrant visa must

GIBBS HOUSTON PAUW
1000 SECOND AVENUE, SUITE 1600
SEATTLE, WASHINGTON  98104-1094
(206) 682-1080

1  be approved before an applicant is statutorily eligible to apply for adjustment of

2  status.  However, such an argument would be unfounded.  The Defendants, by

3  their very own practice, admit that there is no statutory requirement that the visa

4  petition must be approved before the application for adjustment of status can be

5  filed.  In the context of family-based applications, CIS has a policy of accepting

6  concurrently filed I-130 and I-485 applications, and in the context of employment-

7  based applications, CIS has a policy of accepting concurrently filed I-140 and I-

8  485 applications.  See 8 C.F.R. §245.2(a)(2)(i)(B).  In other words, the I-485

9  application is generally accepted for filing before the underlying immigrant visa

10 petition is approved, if the applicant is a family-based or a non-religious

11 employment-based applicant.  It is only concurrently filed applications from

12 religious workers that are rejected.  If the statute required that the underlying visa

13 petition must be approved before the applicant can file an application for

14 adjustment of status, then 8 C.F.R. §245.2(a)(2)(i)(B) would violate the statute.

15      In sum, the named Plaintiffs in this lawsuit have submitted or will submit

16 their applications for adjustment of status to CIS; they are eligible to receive an

17 immigrant visa; they are admissible to the United States; and an immigrant visa is

18 immediately available for them.  In other words, the named Plaintiffs are

19 statutorily eligible to file an applications for adjustment of status.  Their family

20 members are statutorily eligible to apply for adjustment of status as derivative

21 beneficiaries under INA §203(d), 8 U.S.C. §1153(d).  There is no legitimate

22 reason for CIS to refuse to accept the applications for adjustment of status.

23      As a matter of Due Process, if Congress creates a benefit and the applicant

24 is statutorily eligible to apply, the agency must accept the application and

25 adjudicate the application.  The right to apply for statutory benefits established by

26 Congress is a right protected by the Due Process Clause.  See, e.g. Haitian

27 Refugee Center v. Nelson, 872 F.2d 1555, 1562 (11th Cir. 1989), aff'd sub nom.

28 McNary v. Haitian Refugee Center, 498 U.S. 479 (1991) (due process right to

GIBBS HOUSTON PAUW
1000 SECOND AVENUE, SUITE 1600
SEATTLE, WASHINGTON  98104-1094
(206) 682-1080

1   apply for Special Agricultural Worker legalization program).  See generally

2   Mallette v. County Employees' Retirement System II, 91 F.3d 630, 638-639 (4th

3   Cir. 1996) (rejecting argument that applicants have no due process right to apply

4   for a statutory benefit).  See also Orantes-Hernandez v. Thornburgh, 919 F.2d 549,

5   553 (9th Cir. 1990) (statutory right to apply for political asylum).

6        Furthermore, under the Administrative Procedures Act, there is no need for

7   CIS to make an immediate decision on the adjustment of status applications and

8   reject them as unqualified.  According to the APA:

9        When an agency finds that justice so requires, it may postpone the effective
         date of action taken by it, pending judicial review.  On such conditions as
10       may be required and to the extent necessary to prevent irreparable injury,
         the reviewing court . . . may issue all necessary and appropriate process to
11       postpone the effective date of an agency action or to preserve status or
         rights pending conclusion of the review proceedings.
12
13  5 U.S.C. §705.  Under §705, CIS has the authority to accept applications for

14  adjustment of status and postpone the date of any action taken on the applications

15  until after the I-360 petition is adjudicated.  If CIS had taken such action, then

16  there would be no basis for rejecting the applications for adjustment of status.

17  According to §705, this court can "to the extent necessary to prevent irreparable

18  injury" order the agency to accept the I-485 applications for filing and postpone

19  the effective date of the agency's action until after the date of the adjudication of

20  the I-360 petition.

21       D.    Burden on Plaintiffs.

22       The Plaintiffs in this case face substantial hardships and irreparable injury.

23  According to CIS, a background check must be conducted before the I-360

24  application is approved, and this process can sometimes take years.  According to

25  CIS's position, the Plaintiffs and their family members must leave the United

26  States and wait for a process that may take years to complete.  Losing these

27  religious workers will create substantial hardships on the religious organizations

28  for which they work.  See Declarations of Cindy Lee Marsh, Gabriel Ruiz-Diaz,

Hyun Sook Song, and Gadiel Gomez, attached hereto as Exhibits.

GIBBS HOUSTON PAUW
1000 SECOND AVENUE, SUITE 1600
SEATTLE, WASHINGTON  98104-1094
(206) 682-1080

1   The issue in this case is whether the named Plaintiffs and their family

2   members can file applications for adjustment of status.  If a temporary restraining

3   order is not granted, then these individuals will become ineligible for adjustment

4   of status under INA §245(c) before this court has an opportunity to rule on the

5   merits of their claim.  Thus a temporary restraining order should be granted at least

6   so that the named Plaintiffs and their family can remain in the United States

7   without accruing characteristics - "unlawful presence" and "unauthorized

8   employment" - that would disqualify them from adjustment of status.

9   E.   Religious Freedom Restoration Act

10   Finally, a temporary restraining order should be issued in light of the

11   Religious Freedom Restoration Act ("RFRA").  RFRA provides:

12   Government shall not substantially burden a person's exercise of religion
     even if the burden results from a rule of general applicability, except . . .

13

14   Government may substantially burden a person's exercise of religion only if
     it demonstrates that application of the burden to the person -
     (1)   is in furtherance of a compelling governmental interest; and

15   (2)   is the least restrictive means of furthering that compelling
     governmental interest.

16

17   42 U.S.C. §2000bb-1.  The Government's refusal to allow the named Plaintiffs

18   and their family members to remain in the United States imposes a substantial

19   burden on the religious organizations they work for and interferes with their

20   ability to provide pastoral guidance in religious matters and teach children in

21   religious settings.  In order to justify the refusal, the Government must show that

22   the refusal to allow the named Plaintiffs to remain in the United States while the I-

23   360 application is being processed is "in furtherance of a compelling

24   governmental interest" and is "the least restrictive" means of protecting that

25   interest.  Such a showing cannot be made.  Non-religious workers are allowed to

26   remain in the United States while their I-140 applications are processed.  As the

27   Government's treatment of non-religious workers shows, there are other less

28   restrictive means of protecting the Government's interest.

GIBBS HOUSTON PAUW
1000 SECOND AVENUE, SUITE 1600
SEATTLE, WASHINGTON  98104-1094
(206) 682-1080

1

## CONCLUSION

2     For the foregoing reasons, a temporary restraining order should be issued

3 allowing the named Plaintiffs and their family members to remain in the United

4 States with employment authorization until this Court can resolve the claims.

5 Without such an order, these religious workers and their family members will not

6 be able to obtain the benefits that they are statutorily entitled to.

7

8

9 Dated this __21st__ day of ___November___, 2007.

10

11

12 Robert Pauw

13 Robert Gibbs

14 Mari Matsumoto

GIBBS HOUSTON PAUW

15 Attorney for Plaintiffs

16

17

18

19

20

21

22

23

24

25

26

27

28

GIBBS HOUSTON PAUW
1000 SECOND AVENUE, SUITE 1600
SEATTLE, WASHINGTON  98104-1094
(206) 682-1080

## CERTIFICATE OF SERVICE

I, _Mari Matsumoto_, hereby certify that I served a copy of the following documents:

> Complaint
> Motion for Temporary Restraining Order
> Proposed Order

on the following persons:

> Assistant United States Attorney
> Western District of Washington
> 700 Stewart Street, Suite 5220
> Seattle, WA 98101-1271

by personal delivery.

Dated this _21st_ day of _November_, 2007.

MOTION FOR TEMPORARY RESTRAINING ORDER - 12

GIBBS HOUSTON PAUW
1000 SECOND AVENUE, SUITE 1600
SEATTLE, WASHINGTON 98104-1094
(206) 682-1080