UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
GABRIEL RUIZ-DIAZ, *et al.*,
                Plaintiffs,
    v.
UNITED STATES OF AMERICA, *et al.*,
                Defendants.
_____

No. C07-1881RSL

TEMPORARY RESTRAINING ORDER

        This matter comes before the Court on plaintiffs' "Motion for Temporary Restraining Order for Plaintiff Saleck Ould Dah Ould Sidine." Dkt. # 16.  Unlike other members of the plaintiff class, Mr. Sidine is in imminent danger of accruing over 180 days of "unlawful presence" following the expiration of his R-1 visa on July 2, 2007.  Plaintiffs seek "a temporary restraining order staying the further accrual of any additional unlawful presence" (Motion at 1) and cite Shi'a Assoc. of the Bay Area v. Chertoff, Case No. 07-10452 (9th Cir. 2007), as an example of the type of order sought.

        Although the procedure for obtaining a temporary restraining order differs from that which is applicable in the preliminary injunction context, the factors considered by the Court are the same.  In determining whether to grant a temporary restraining order or a preliminary injunction, the Ninth Circuit considers: (1) the likelihood of plaintiffs' success on the merits; (2) the possibility of irreparable injury to plaintiffs if an injunction is not issued; (3)

TEMPORARY RESTRAINING ORDER

the extent to which the balance of hardships favors plaintiffs; and (4) whether the public interest will be advanced by the injunction.  See Miller v. Cal. Pac. Med. Ctr., 19 F.3d 449, 456 (9th Cir. 1994); Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1201 (9th Cir. 1980).  The analysis is often compressed into a single continuum where the required showing of merit varies inversely with the showing of irreparable harm.  See Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc., 204 F.3d 867,874 (9th Cir. 2000).  Thus, plaintiffs may be entitled to preliminary relief if they are able to show either (1) probable success on the merits and the possibility of irreparable harm or (2) the existence of serious questions going to the merits and a fair chance of success thereon, with the balance of hardships tipping sharply in favor of an injunction.  Miller, 19 F.3d at 456.

Having reviewed plaintiffs' motion and the remainder of the record (including defendants' response to plaintiffs' original motion for temporary restraining order (Dkt. # 7)), the Court finds that plaintiffs have raised serious questions regarding the adjustment of status process, that they have a fair chance of success on the merits, that the continued accrual of unlawful presence time would irreparably harm Mr. Sidine, and that a temporary stay simply continues the status quo and will not cause defendants hardship.  The accrual of unlawful presence time against Mr. Sidine is hereby STAYED until the preliminary injunction motion noted for hearing on or about February 8, 2008, is decided or further order of this Court.  No security shall be required.

Dated this 27th day of December, 2007.

Robert S. Lasnik
United States District Judge

TEMPORARY RESTRAINING ORDER            -2-