1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                          )
GABRIEL RUIZ-DIAZ, *et al.*,                  )
                                                          )        No. C07-1881RSL
                              Plaintiffs,          )
              v.                                       )        ORDER DENYING DEFENDANTS'
                                                          )        MOTION TO DISMISS
UNITED STATES OF AMERICA,             )
*et al.*,                                                )
                                                          )
                              Defendants.        )
_____)

          This matter comes before the Court on "Defendants' Motion to Dismiss" pursuant

to Fed. R. Civ. P. 12(b)(1) and (6).  Dkt. # 26.  Defendants argue that the Court lacks subject

matter jurisdiction over plaintiffs' claims and that plaintiffs have failed to state a claim for which

relief can be granted.  Having reviewed the memoranda, declarations, and exhibits submitted by

the parties, the Court finds as follows:


**A. PROCEDURAL ISSUES**

          Defendants initially requested oral argument regarding their motion to dismiss.

Dkt. # 26.  They subsequently filed a motion to withdraw their request for oral argument (Dkt.

# 43), which was not opposed by plaintiffs.  The motion to withdraw is therefore GRANTED,

and this matter will be considered and decided on the papers submitted.

          Defendants' motion to dismiss is directed at the First Amended Complaint filed on

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS

1  December 13, 2007 (Dkt. # 11).  Plaintiffs have not yet been granted leave to file a second

2  amended complaint, and, for purposes of this motion, the Court has considered the allegations of

3  only the currently-operative pleading.

4

5  **B. STANDING AND MOOTNESS**

6          Defendants argue that the named plaintiffs lack standing and/or that their claims

7  have become moot because they have not suffered, and are not threatened with, actual harm in

8  this case.  A challenge to the Court's subject matter jurisdiction must be decided on the facts as

9  they actually are.  The Court is not, therefore, limited to a review of the allegations of the

10  complaint, but may, in its discretion, consider any relevant affidavits or evidence submitted by

11  the parties.  See, e.g., Land v. Dollar, 330 U.S. 731, 735 n.4 (1947); Berardinelli v. Castle &

12  Cooke Inc., 587 F.3d 37, 39 (9th Cir. 1978).  Plaintiffs bear the burden of establishing federal

13  jurisdiction.  Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989).

14          After this class action litigation was initiated in November 2007, the United States

15  Citizenship and Immigration Services ("CIS") ruled on the I-360 petitions filed by the religious

16  organizations who employ the seven named plaintiffs.  Pursuant to its current policy, CIS has

17  now indicated that it is willing to accept plaintiffs' applications for adjustment of status under

18  Immigration and Nationality Act ("INA") § 245, 8 U.S.C. § 1255.  Two of the named plaintiffs,

19  Gadiel Gomez and Louis Thomas Ekka, have already refiled their I-485 applications and are no

20  longer in danger of accruing any unlawful presence time.  The I-360 petition filed on behalf of

21  plaintiff Hyun Sook Song was rejected, making her ineligible for adjustment of status.

22  Defendants argue that any harm that arises to the other four named plaintiffs because of their

23  failure or refusal to refile their I-485 applications within 180 days of the expiration of their non-

24

25

26  ORDER DENYING DEFENDANTS'
   MOTION TO DISMISS          -2-

1   immigrant R-1 status would be self-imposed and cannot provide a basis for relief in this case.[1]

2           Although defendants present alternative arguments on the grounds of standing

3   and mootness, they have not attempted to show that plaintiffs lacked standing at the time this

4   action was filed in November 2007.  The real issue is whether plaintiffs' claims became moot

5   when CIS subsequently adjudicated the I-360 petitions filed by plaintiffs' employers.

6   "Mootness can be characterized as the doctrine of standing set in a time frame:  [t]he requisite

7   personal interest that must exist at the commencement of the litigation (standing) must continue

8   throughout its existence (mootness). "  Cook Inlet Treaty Tribes v. Shalala, 166 F.3d 986, 989

9   (9th Cir. 1999) (internal quotation marks omitted).  "Mootness is a jurisdictional issue, and

10  'federal courts have no jurisdiction to hear a case that is moot, that is, where no actual or live

11  controversy exists.'"  Foster v. Carson, 347 F.3d 742, 745 (9th Cir. 2003) (quoting Cook Inlet

12  Treaty Tribes, 166 F.3d at 989)).  No case or controversy is present if, after initiation of the

13  action, the aggrieved party receives the relief sought in the complaint.  DeFunis v. Odegaard,

14  416 U.S. 312, 317 (1974).

15          Plaintiffs have alleged that CIS' policy of not accepting concurrently filed

16  petitions for immigration visas and applications for adjustment of status violates the governing

17  statute, discriminates against certain classes of immigrants based on their religion, and violates

18  the Religious Freedom Restoration Act ("RFRA"), the First Amendment, the Due Process

19  clause, and the Equal Protection clause.  First Amended Complaint at ¶¶ 44 and 47.  Plaintiffs

20  seek a declaration that CIS' policy, which resulted in the outright rejection of their I-485

21  applications, is unlawful,  discriminatory, and unconstitutional.  Defendants have not

22  reconsidered or altered the policy challenged by plaintiffs:  they have simply declared that six

23

24          [1] Defendants acknowledge that plaintiff Salek Ould Dah Ould Sadine would have accrued over
    180 days of unlawful presence on December 29, 2007 (and therefore would have become ineligible for an
25  adjustment of status) had the Court not issued a temporary restraining order staying the accrual of
    unlawful presence time on December 27, 2007.
26
    ORDER DENYING DEFENDANTS'
    MOTION TO DISMISS              -3-

1   out of the seven plaintiffs are now "eligible" to apply for an adjustment of status under the

2   existing policy.  Defendants have not addressed any of plaintiffs' concerns or otherwise

3   remedied the alleged discrimination or constitutional violations.  Because plaintiffs have not

4   received the relief requested in their amended complaint, this case is not moot.

5         Even if defendants had amended the current regulations prohibiting R-1 visa

6   holders from filing concurrent applications for adjustment of status, such unilateral activity

7   would not deprive this Court of subject matter jurisdiction.  "Mere voluntary cessation of

8   allegedly illegal conduct does not moot a case; it if did, the courts would be compelled to leave

9   [t]he defendant ... free to return to his old ways."  United States v. Concentrated Phosphate

10  Export Ass'n, 393 U.S. 199, 203 (1968) (quoting United States v. W.T. Grant Co., 345 U.S. 629,

11  632 (1953)).  In order to end on-going litigation through unilateral action, defendants would

12  have to show that (1) it is absolutely clear that the allegedly wrongful behavior cannot

13  reasonably be expected to recur and (2) the effects of the alleged violation have been completely

14  and irrevocably eradicated.  Norman-Bloodsaw v. Lawrence Berkeley Lab., 135 F.3d 1260,

15  1274 (9th Cir. 1998).

16        Defendants have not met this burden.  First, defendants do not contend that CIS

17  will never again reject concurrently-filed I-485 applications from R-1 visa holders.  In fact, it

18  appears that defendants have every intention of continuing the policies and behaviors that

19  triggered this lawsuit.  Second, defendants cannot show that the effects of the initial rejection of

20  plaintiffs' I-485 applications have been completely and irrevocably eradicated.  For purposes of

21  their equal protection and religious discrimination claims, the injury suffered was the denial of

22  equal treatment resulting from a government-imposed barrier based on impermissible factors.

23  This alleged wrong impacts all seven named plaintiffs and has not been addressed at all.

24  Further, some of the named plaintiffs have already accrued unlawful presence time because CIS

25  rejected their original I-485 applications and took months (sometimes years) to adjudicate their

26

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS                    -4-

employers' I-360 petitions.  Plaintiff Sidine, for example, has two days left before he becomes ineligible for an adjustment of status.  Defendants have made no attempt to reinstate the full 180-day grace period for the individual plaintiffs, to eradicate the legal implications of periods of unauthorized employment, or to otherwise alleviate the harms caused by the rejection of their original I-485 applications.  Despite defendants' narrow view of the harm at issue in this case, there are ongoing effects of the allegedly unlawful, unconstitutional, and discriminatory policy that have not been addressed.  Accordingly, plaintiffs' claims are not moot.

## C.  SUBJECT MATTER JURISDICTION PURSUANT TO 8 U.S.C. § 1252(a)(2)(B)(i) and (ii) AND THE ADMINISTRATIVE PROCEDURE ACT

"Although we lack jurisdiction to review a discretionary denial of adjustment of status . . . we retain jurisdiction to decide, as a matter of law, whether an alien is statutorily eligible for adjustment of status."  Ortega-Cervantes v. Gonzales, 501 F.3d 1111, 1113 (9th Cir. 2007) (internal citations omitted).  Despite defendants' blatant mischaracterization of plaintiffs' claims,[2] the Court has jurisdiction over plaintiffs' claim that they were eligible to apply for an adjustment of status under 8 U.S.C. § 1255(a).

## D.  FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

In the context of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court's

---

[2]  Defendants argue that "plaintiffs are not seeking to compel the Government to take an action which is mandated by statute or regulation (i.e., the adjudication of their applications); they are seeking to compel USCIS to make a discretionary determination on how their applications are to be adjudicated." Motion at 14.  See also Reply at 7.  To the contrary, plaintiffs do, in fact, seek to compel CIS to adjudicate their I-485 applications as mandated by the governing statute.  Plaintiffs have raised a challenge to CIS' legal conclusion that plaintiffs were statutorily ineligible to apply for adjustment of status unless and until their I-360 petitions were granted.  The portrayal of plaintiffs' claims as a challenge to the agency's discretionary decision to grant or deny an application for adjustment of status is nonsensical given that CIS rejected the applications without ever considering them on their merits.

1  review is generally limited to the contents of the complaint.  <u>Campanelli v. Bockrath</u>, 100 F.3d

2  1476, 1479 (9th Cir. 1996).  When determining whether the allegations contained therein state a

3  claim upon which relief can be granted, the allegations are accepted as true and construed in the

4  light most favorable to plaintiff.  <u>In re Syntex Corp. Sec. Litig.</u>, 95 F.3d 922, 925-26 (9th Cir.

5  1996); <u>LSO, Ltd. v. Stroh</u>, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000).  Only those claims for

6  which it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to

7  relief should be dismissed.  <u>Wyler Summit Partnership v. Turner Broadcasting Sys., Inc.</u>, 135

8  F.3d 658, 661 (9th Cir. 1998).

9          Based on the Court's review of the First Amended Complaint and the applicable

10  statutes, it appears that plaintiffs have alleged facts which, if proved, may give rise to liability

11  under RFRA and the Equal Protection clause.[3]  Plaintiffs allege that defendants' policy of

12  rejecting I-485 applications for adjustment of status unless and until an I-360 petition has been

13  approved "substantially burdens the exercise of religion by [p]laintiffs . . . ."  First Amended

14  Complaint at ¶ 39.  In particular, this policy threatens to preclude plaintiffs' continued

15  employment with the religious organizations they serve and/or to exclude them from the United

16  States and the religious communities to which they belong.  First Amended Complaint at ¶¶ 2

17  and 3.  These allegations, if proven, could support a finding that the challenged policy interferes

18  with plaintiffs' religious ministries and their ability to participate in their religious community.

19  Whether the government can show a compelling interest justifying these burdens is a fact issue

20  not properly before the Court on a motion to dismiss plaintiffs' complaint.

21          Plaintiffs claim that they have been treated differently than other non-immigrant

22  visa holders because of their religion, not, as defendants would have it, because they are aliens.

23  Taken in the light most favorable to plaintiffs, the complaint alleges an infringement on a

24  ————————————

25      [3]  Defendants have not moved to dismiss plaintiffs' claims related to alleged violations of the INA,
    the First Amendment, or the Due Process clause.

26
ORDER DENYING DEFENDANTS'
MOTION TO DISMISS                    -6-

1  fundamental right, which would trigger strict scrutiny.  Defendants' motion focuses on whether

2  they have a rational basis for treating religious visa holders differently from non-religious visa

3  holders:  they have not attempted to show a compelling state interest justifying the ban on

4  concurrent filings from only religious visa holders.   Even if the Court ultimately concludes that

5  rational basis scrutiny applies, the factual issues related to the level of fraud in the I-360 petition

6  process and its impact on the I-485 application process cannot be resolved in the context of this

7  motion.

8           Because the allegations of the complaint, if proven, could entitle plaintiffs to

9  relief, defendants are not entitled to dismissal under Fed. R. Civ. P. 12(b)(6).

10

11

12           Dated this 30th day of April, 2008.

13

14           _MMr S Casnik_

15           Robert S. Lasnik
             United States District Judge
16

17

18

19

20

21

22

23

24

25

26

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS                -7-