UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
GABRIEL RUIZ-DIAZ, *et al.*,
              Plaintiffs,
     v.
UNITED STATES OF AMERICA, *et al.*,
             Defendants.
_____

No. C07-1881RSL

ORDER DENYING MOTION FOR CLASS CERTIFICATION

This matter comes before the Court on "Plaintiffs' Motion for Class Certification." Dkt. # 12. The seven named plaintiffs seek to go forward with this litigation as representatives of a class, described as follows:

> All individuals currently in the United States who are beneficiaries of a Petition for Special Immigrant (Religious Worker) (Form I-360) that has been filed or will be filed, and who would be eligible to file an Application for Adjustment of Status (Form I-485) but for CIS's policy codified at 8 C.F.R. § 245.2(a)(2)(i)(B) that the Form I-360 petition must be approved before the Form I-485 application can be filed.

Defendants agree that this litigation involves issues of law and/or fact that are common to all potential class members. They challenge plaintiffs' assertions regarding numerosity, typicality,

ORDER DENYING MOTION
FOR CLASS CERTIFICATION

and adequacy of representation, however.[1]

**Fed. R. Civ. P. 23(a)(1):  Numerosity**

Plaintiffs assert, based on third-party declarations and CIS' published data, that the prospective class consists of thousands of religious workers whose employers have filed I-360 petitions.  Motion at 2-3.  Defendants object to the imprecision of plaintiffs' calculations and argue that plaintiffs have failed to show that any of the putative class members have become ineligible for adjustment of status as a result of CIS' policy of rejecting concurrently-filed I-485 applications.

Plaintiffs' have adequately shown that the putative class is numerous.  CIS estimates that 3,230 organizations will file I-360 petitions this year, a number which understates the number of employee immigrants involved.  See 72 Fed. Reg. 20442, 20448-50 (April 25, 2007).  All putative class members were allegedly precluded from seeking adjustment of status because of defendants' discriminatory and unlawful policy:  plaintiffs have not alleged, and need not show, that each class member is or will actually become ineligible for adjustment of status.  Because plaintiffs have described a large group of similarly-situated individuals, joinder would be impractical and plaintiffs have met their burden of establishing numerosity.

**Fed. R. Civ. P. 23(a)(3) : Typicality**

The proposed class is comprised of individuals currently living in the United States who are the beneficiaries of I-360 petitions filed on their behalf and who would be eligible to file an I-485 application but for CIS' policy against concurrent filing.  The seven

---

[1] After plaintiffs filed and defendants opposed the motion for class certification, plaintiffs submitted a motion to amend their complaint to add additional parties.  Plaintiffs have not yet been granted leave to file a second amended complaint, and, for purposes of this motion, the Court has considered the allegations of and parties to the currently-operative pleading.

ORDER DENYING MOTION
FOR CLASS CERTIFICATION            -2-

1  named plaintiffs no longer fall within this class definition:  six of the plaintiffs are now eligible
2  to file their I-485 applications and one is barred under 8 U.S.C. § 1255(a), not 8 C.F.R.
3  § 245.2(a)(2)(i)(B).  Because "a class representative must be part of the class," typicality does
4  not exist.  Gen. Tel. Co. v. Falcon, 457 U.S. 147, 156 (1982).

6  Because plaintiffs have failed to establish typicality, the Court need not determine
7  whether plaintiffs will adequately represent the interests of absent class members or whether a
8  class action can be maintained under Fed. R. Civ. P. 23(b).

10  For all of the foregoing reasons, plaintiff's motion for class certification is
11  DENIED.

13  Dated this 30th day of April, 2008.

   Robert S. Lasnik
   United States District Judge

ORDER DENYING MOTION
FOR CLASS CERTIFICATION                    -3-