UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
GABRIEL RUIZ-DIAZ, *et al.*,

             Plaintiffs,

     v.

UNITED STATES OF AMERICA,
*et al.*,

             Defendants.
_____

No. C07-1881RSL

ORDER GRANTING IN PART PLAINTIFFS'
MOTION FOR A PRELIMINARY
INJUNCTION

        This matter comes before the Court on plaintiffs' "Motion for Preliminary Injunction." Dkt. # 29. Plaintiffs seek "a preliminary order allowing class members (and their derivative family members) to remain in the United States without accruing unlawful presence and unauthorized employment that would disqualify them from adjustment of status pursuant to INA § 245(c), 8 U.S.C. § 1255(c), and subject them to the 3-year/10-year inadmissibility bar in INA § 212(a)(9)(B), 8 U.S.C. § 1182(a)(9)(B)." Reply at 1. The Court has denied plaintiffs' motion for class certification in a separate order: the request for preliminary injunction is therefore considered only as to the named plaintiffs and their derivative family members.

        In determining whether to grant a preliminary injunction, the Ninth Circuit considers: (1) the likelihood of plaintiffs' success on the merits; (2) the possibility of irreparable injury to plaintiffs if an injunction is not issued; (3) the extent to which the balance of hardships favors plaintiffs; and (4) whether the public interest will be advanced by the injunction. See

ORDER GRANTING IN PART PLAINTIFFS'
MOTION FOR A PRELIMINARY INJUNCTION

Miller v. Cal. Pac. Med. Ctr., 19 F.3d 449, 456 (9th Cir. 1994); Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1201 (9th Cir. 1980). The analysis is often compressed into a single continuum where the required showing of merit varies inversely with the showing of irreparable harm. See Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc., 204 F.3d 867, 874 (9th Cir. 2000). Thus, plaintiffs may be entitled to preliminary relief if they are able to show either (1) probable success on the merits and the possibility of irreparable harm or (2) the existence of serious questions going to the merits and a fair chance of success thereon, with the balance of hardships tipping sharply in favor of an injunction. Miller, 19 F.3d at 456.

Having reviewed plaintiffs' motion and the remainder of the record, the Court finds that plaintiffs have raised serious questions regarding their eligibility for adjustment of status and that they have a fair chance of success on the merits of their declaratory and/or injunctive relief claim. Four of the seven named plaintiffs have already begun to accrue unlawful presence time, thereby reducing the grace period Congress provided for this class of alien following expiration of their visa status. The accrual of unlawful presence time for these individuals (and the potential that plaintiff Gillette will begin accruing time in the future)[1] is directly related to defendants' rejection of their original I-485 applications and threatens plaintiffs' ability to remain in the United States and/or to seek adjustment of status in the future. Halting the accrual of unlawful presence/unauthorized employment time will continue the current status quo, will prevent irreparable harm to plaintiffs and their families, and will not cause defendants any undue hardship.

---

[1] Plaintiffs Ekka and Gomez have refiled their I-485 applications and are not in any danger of accruing unlawful presence time.

ORDER GRANTING IN PART PLAINTIFFS'
MOTION FOR A PRELIMINARY INJUNCTION    -2-

1       For all of the foregoing reasons, the accrual of unlawful presence/unauthorized employment time against plaintiffs Ruiz-Diaz, Song, Marsh, Gillette, and Sidine is hereby STAYED until this litigation is resolved or further order of this Court. No security shall be required.

      Dated this 30th day of April, 2008.

*/s/ Robert S. Lasnik*

Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART PLAINTIFFS'
MOTION FOR A PRELIMINARY INJUNCTION    -3-