UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                   )
GABRIEL RUIZ-DIAZ, *et al.*,       )
                                   )   Case No. C07-1881RSL
            Plaintiffs,            )
      v.                           )
                                   )   ORDER GRANTING
UNITED STATES OF AMERICA, *et al.*,)   PLAINTIFFS' MOTION
                                   )   TO AMEND COMPLAINT
            Defendants.            )
_____)

This matter comes before the Court on plaintiffs' "Motion for Leave to File Second Amended Complaint," Dkt. #30, which would add new individuals and religious organizations as plaintiffs in this lawsuit. Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). There is, therefore, a "strong policy in favor of allowing amendment" after "considering four factors: bad faith, undue delay, prejudice to the opposing party, and the futility of amendment." Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994). The court may also consider whether plaintiffs have previously amended their complaint. Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990). Having reviewed the second amended complaint and the arguments raised by both parties, the Court finds that plaintiffs' claims do not appear to be futile on the current record and hereby GRANTS plaintiffs leave to file their second amended complaint.

ORDER GRANTING
PLAINTIFFS' MOTION
TO AMEND COMPLAINT

Challenging the amendment as futile, defendants assert that adding new plaintiffs will not cure the threshold jurisdictional defects inherent in this litigation. The Court has found that it has jurisdiction to determine plaintiffs' claims. See Order Denying Defendants' Motion to Dismiss, Dkt. #46. Defendants have not raised any arguments in opposition to plaintiffs' motion to amend that are distinct from those the Court has already considered. Accordingly, the Court rejects the jurisdictional challenges to plaintiffs' amendment.

Defendants further argue that the named religious organizations, if added as plaintiffs, would lack standing to challenge the United States Citizenship and Immigration Services ("CIS") policies at issue in this case because religious organizations cannot adjust their immigration status. A party has standing if it demonstrates "a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy." Dream Palace v. County of Maricopa, 384 F.3d 990, 999 (9th Cir. 2004) (quoting Sierra Club v. Morton, 405 U.S. 727, 731 (1972)). A plaintiff must show that he has suffered some actual or threatened injury as a result of defendants' conduct and that a decision in plaintiff's favor is likely to redress the injury. See Rivas v. Rail Delivery Serv., Inc., 423 F.3d 1079, 1082 n.1 (9th Cir. 2005).

Defendants assert that "[t]his case is about alien religious workers' desire to obtain lawful permanent resident ['LPR'] status." See Response at 5. In doing so, defendants grossly mischaracterize plaintiffs' claims and the alleged injuries from which those claims arise. Contrary to defendants' contention that the proposed amendment would unduly "expand [plaintiffs'] claims," plaintiffs have asserted violations of the RFRA, Equal Protection Clause, and First Amendment in all of the complaints submitted in this litigation. See Dkt. #1 (Complaint), ¶4; Dkt. #11 (First Amended Complaint), ¶4. Plaintiffs continue to allege that CIS' filing policy amounts to systemic religious discrimination. Although the injured interests of the religious organizations differ from those of the individual plaintiffs, this limited expansion of the

ORDER GRANTING
PLAINTIFFS' MOTION
TO AMEND COMPLAINT                -2-

underlying claim does not prohibit amendment. Plaintiffs' theory of the case has not changed and all alleged injuries arise from the same filing policy.[1]

When plaintiffs' claims are accurately characterized, defendants have more difficulty showing that a favorable judgment could not redress any injuries sustained by the religious organizations. Defendants observe that a religious organization cannot be made a lawful permanent resident. The remedy plaintiffs seek, however, is a concurrent filing policy like that permitted for employment-based and family-based I-485 applicants, not lawful permanent resident status for the religious organizations. Plaintiffs assert that CIS' non-concurrent filing policy makes it more difficult for religious organizations to retain workers and thereby meet the needs of their members and others whom they serve. Beyond an injury to the religious organization itself, a religious organization also has standing to sue on behalf of members whose relationships to the organization and to other members are compromised by CIS' filing policy. See Warth v. Seldin, 422 U.S. 490 (1975) ("[I]n attempting to secure relief from injury to itself the association may assert the rights of its members, at least so long as the challenged infractions adversely affect its members' associational ties.").

Although defendants highlight the fact that plaintiffs have previously amended their complaint, this factor is by no means dispositive. Furthermore, plaintiffs' proposed amendment is easily distinguishable from the amendment the district court denied in Allen. In Allen, the Ninth Circuit affirmed the district court's decision to deny plaintiff's attempt to amend his complaint a fourth time where the amendment "would likely prove futile" and

---

[1] Denying amendment is also inefficient when the religious organizations could file suit separately and move to join this lawsuit. See Fed. R. Civ. P. 20(a)(1) ("Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action.").

ORDER GRANTING
PLAINTIFFS' MOTION
TO AMEND COMPLAINT                -3-

1  "presented no new facts, only new theories." 911 F.2d at 374.  Here, plaintiffs cite defendants'
2  attempts to moot out named plaintiffs as a catalyst for the proposed amendment.  They have also
3  alleged specific interests that are harmed by CIS' filing policy.  If the allegations in plaintiffs'
4  second amended complaint are accepted as true, CIS' filing policy injures not only religious
5  workers applying for lawful permanent resident status, but also the religious organizations who
6  employ them and the populations whom they serve.  Granting plaintiffs leave to amend their
7  complaint will serve the interests of justice by allowing this case to be decided on its merits, as
8  Fed. R. Civ. P. 15 envisions.

9  For all of the foregoing reasons, plaintiffs' motion to amend its complaint is
10  GRANTED.  Plaintiffs shall file and serve within ten days of the date of this Order a signed
11  amended complaint substantially in the form of Appendix A to its motion.

14  Dated this 5th day of May, 2008.

*/s/ Robert S. Lasnik*

Robert S. Lasnik
United States District Judge

ORDER GRANTING
PLAINTIFFS' MOTION
TO AMEND COMPLAINT                    -4-