UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
GABRIEL RUIZ-DIAZ, *et al.*,

                Plaintiffs,

        v.

UNITED STATES OF AMERICA, *et al.*,

                Defendants.
_____

No. C07-1881RSL

ORDER GRANTING SECOND MOTION
FOR CLASS CERTIFICATION

      This matter comes before the Court on "Plaintiffs' Second Motion for Class Certification." Dkt. # 52. The individual named plaintiffs seek to go forward with this litigation as representatives of a class, described as follows:

> all individuals currently in the United States who are beneficiaries of a Petition for Special Immigrant (Religious Worker) (Form I-360) that has been filed or will be filed, and who were or would be eligible to file an Application for Adjustment of Status (Form I-485) but for CIS's policy codified at 8 C.F.R. § 245.2(a)(2)(i)(B) that the Form I-360 petition must be approved before the Form I-485 application can be filed.

Defendants do not contest that the proposed class is so numerous that joinder is impractical or that the plaintiffs will fairly and adequately represent the absent class members. They challenge plaintiffs' assertions regarding commonality and typicality, however, and argue that the requirements of Fed. R. Civ. P. 23(b) are not satisfied.

ORDER GRANTING SECOND MOTION
FOR CLASS CERTIFICATION

**Fed. R. Civ. P. 23(a)(2):  Commonality**

Pursuant to Fed. R. Civ. P. 23(a)(2), there must be questions of law and/or fact common to the proposed class in order to justify certification.  Defendants argue that commonality does not exist because (i) the claims of the three organizational plaintiffs involve issues of law and fact that are distinct from the issues raised by the individual plaintiffs and (ii) the claims of each individual will turn on unique facts related to their eligibility for adjustment of status.  Neither argument defeats commonality.

Plaintiffs seek certification of a class of individuals:  the organizational plaintiffs have no place in the class and are virtually irrelevant to the class certification analysis.  Each and every member of the proposed class would benefit from the resolution of significant legal and factual issues, such as whether CIS' policy of rejecting I-485 applications for adjustment of status unless and until the agency grants the I-360 immigrant visa petition filed by the applicant's employer is lawful.  Defendants correctly point out that not all of the questions related to the class are common, but there is no requirement that every issue be the same. Where there are substantial questions which, if tried separately, would have to be answered as to each potential class member, this element is satisfied.  See Walters v. Reno, 145 F.3d 1032, 1045-46 (9th Cir. 1998).  The Court finds that there are questions of law and/or fact that are common to all class members.[1]

**Fed. R. Civ. P. 23(a)(3):  Typicality**

---

[1] Defendants' first argument regarding commonality barely warrants mention, much less consideration.  Plaintiffs could, and apparently did, reasonably assume that commonality was not an issue in this case because defendants had previously failed to address the issue and the Court found that commonality was uncontested.  Dkt. # 28 and 47.  Parties are not required to put on evidence regarding an uncontested element of a claim:  in fact, such evidence could be excluded as irrelevant, wasteful, or prejudicial, depending on the circumstances.  Defendants' waiver argument is an attempt to use their own change in litigation strategy as a sword to trap unwary litigants and to preclude the resolution of this issue on the merits.

ORDER GRANTING SECOND MOTION
FOR CLASS CERTIFICATION                    -2-

1    The proposed class is comprised of individuals currently living in the United
2 States who are the beneficiaries of I-360 petitions filed on their behalf and who would have been
3 eligible to file an I-485 application but for CIS' policy against concurrent filing. The newly-
4 added named plaintiffs, Yuriy Kasyanov, Lelia Tenreyro-Viana, Edgardo Gaston Romero
5 Lacuesta, Rosario Razo Romero, Youn Su Nam, and Harold Michael Carl Lapian, fall within
6 this class definition. Defendants acknowledge that all seven of these individuals "are ineligible
7 to file an I-485 because their I-360 petitions are still pending." Opposition at 8. Their claims
8 arise from the same circumstances and the same governmental policy as those of the absent class
9 members. Defendants have made no effort to show that these seven plaintiffs have a conflict
10 with the proposed class or that their claims are somehow atypical. See, e.g., Hanon v.
11 Dataproducts Corp., 976 F.2d 497, 508 (9th Cir. 1992)). The Court therefore finds that the
12 claims of Kasyanov, Tenreyro-Viana, Romero Lacuesta, Razo Romero, Nam, and Lapian are
13 typical of the claims of the proposed class.

15    **Fed. R. Civ. P. 23(b)(2)**

16    Having determined that plaintiffs' proposed class satisfies the four elements of
17 Fed. R. Civ. P. 23(a), the Court must determine whether certification is appropriate under Fed.
18 R. Civ. P. 23(b). Plaintiffs assert that certification is proper under Rule 23(b)(2) because "the
19 party opposing the class has acted or refused to act on grounds that apply generally to the class,
20 so that final injunctive relief or corresponding declaratory relief is appropriate respecting the
21 class as a whole . . . ." Defendants argue that the participation of the organizational plaintiffs in
22 this litigation somehow precludes a finding that injunctive or declaratory relief would be
23 generally applicable to the class as a whole. As discussed above, however, the organizational
24 plaintiffs are not members of the proposed class: their claim for separate forms of relief does
25 not alter the fact that each and every class member would benefit from injunctive or declaratory

1 relief directed at the government's policy against concurrent filing.   Certification under Fed. R.
2 Civ. P. 23(b)(2) is, therefore, appropriate.

**Class Definition**

Defendants propose an alternative class definition that would reduce the number of class members over whom the Court has jurisdiction to a small fraction of those encompassed by plaintiffs' definition.  Only those individuals with pending I-360 petitions who have already accrued 180 days of unlawful presence time but are still "lawfully residing" in the United States would fall within defendants' definition.  If presented as a Venn diagram, the area of overlap between the circles would represent the few individuals who remain, unemployed, in the United States after their 180-day grace period expires.  There is no reason to restrict the class to only those who have suffered the maximum possible harm from defendants' policy.  Plaintiffs have asserted claims based on unequal treatment:  all those adversely affected by the non-concurrent filing policy (i.e., all those treated differently because they are religiously affiliated) should have their claims adjudicated through this class action.

For all of the foregoing reasons, plaintiff's second motion for class certification is GRANTED.  Plaintiffs Kasyanov, Tenreyro-Viana, Romero Lacuesta, Razo Romero, Nam, and Lapian are designated as class representatives.

DATED this 30th day of June, 2008.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

ORDER GRANTING SECOND MOTION
FOR CLASS CERTIFICATION                 -4-