UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
GABRIEL RUIZ-DIAZ, *et al.*, )
                  Plaintiffs, )
     v. )
UNITED STATES OF AMERICA, )
*et al.*, )
                  Defendants. )
_____ )

No. C07-1881RSL

ORDER GRANTING IN PART PLAINTIFFS'
SECOND MOTION FOR A PRELIMINARY
INJUNCTION

This matter comes before the Court on "Plaintiffs' Second Motion for Preliminary Injunction." Dkt. # 65. Plaintiffs seek an order forestalling the further accrual of unlawful presence time and/or unauthorized employment for all class members[1] during the course of this litigation. In addition, plaintiffs argue that Citizenship and Immigration Services ("CIS") should be compelled to accept applications for adjustment of status (Form I-485) submitted by class members and to allow family members to apply for employment authorization.

---

[1] The Court has certified a class of "all individuals currently in the United States who are beneficiaries of a Petition for Special Immigrant (Religious Worker) (Form I-360) that has been filed or will be filed, and who were or would be eligible to file an Application for Adjustment of Status (Form I-485) but for CIS's policy codified at 8 C.F.R. § 245.2(a)(2)(i)(B) that the Form I-360 petition must be approved before the Form I-485 application can be filed." Dkt. # 87. To the extent defendants' opposition to the preliminary injunction is based on the non-existence of a class, those arguments are now moot.

ORDER GRANTING IN PART PLAINTIFFS' SECOND
MOTION FOR A PRELIMINARY INJUNCTION

1    In determining whether to grant a prohibitory injunction, the Ninth Circuit
2 considers: (1) the likelihood of plaintiffs' success on the merits; (2) the possibility of irreparable
3 injury to plaintiffs if an injunction is not issued; (3) the extent to which the balance of hardships
4 favors plaintiffs; and (4) whether the public interest will be advanced by the injunction. See
5 Miller v. Cal. Pac. Med. Ctr., 19 F.3d 449, 456 (9th Cir. 1994); Los Angeles Mem'l Coliseum
6 Comm'n v. Nat'l Football League, 634 F.2d 1197, 1201 (9th Cir. 1980). The analysis is often
7 compressed into a single continuum where the required showing of merit varies inversely with
8 the showing of irreparable harm. See Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.,
9 204 F.3d 867, 874 (9th Cir. 2000). Thus, plaintiffs may be entitled to preliminary relief if they
10 are able to show either (1) probable success on the merits and the possibility of irreparable harm
11 or (2) the existence of serious questions going to the merits and a fair chance of success thereon,
12 with the balance of hardships tipping sharply in favor of an injunction. Miller, 19 F.3d at 456.

    Although plaintiffs' request for an injunction against further accrual of unlawful
presence time and/or unauthorized employment is prohibitory in nature, the same cannot be said
of some of the other forms of relief requested. The "last uncontested status which preceded the
pending controversy" did not involve the acceptance of applications for adjustment of status or
the acceptance of applications for new employment authorizations. See GoTo.com, Inc. v. Walt
Disney Co., 202 F.3d 1199, 1210 (9th Cir. 2000). A demand for affirmative conduct on the part
of defendants – such as the acceptance of applications that are not authorized by existing
policies – is subjected to heightened scrutiny by the Court. A mandatory injunction will "not be
issued unless the facts and law clearly favor the moving party." Dahl v. HEM Pharms. Corp., 7
F.3d 1399, 1403 (9th Cir. 1993) (citing Anderson v. United States, 612 F.2d 1112, 1114 (9th
Cir. 1980)).

    Having reviewed plaintiffs' motion and the remainder of the record, the Court
finds as follows:

ORDER GRANTING IN PART PLAINTIFFS' SECOND
MOTION FOR A PRELIMINARY INJUNCTION    -2-

(1) Plaintiffs are not challenging the agency's discretionary decision to grant or deny an application for adjustment of status. Instead, plaintiffs are challenging CIS' refusal to accept applications that, plaintiffs allege, are authorized by 8 U.S.C. § 1255(a). The Court has "jurisdiction to decide, as a matter of law, whether an alien is statutorily eligible for adjustment of status." Ortega-Cervantes v. Gonzales, 501 F.3d 1111, 1113 (9th Cir. 2007) (internal citations omitted).

(2) Plaintiffs allege that CIS' policy of not accepting concurrently-filed petitions for immigration visas and applications for adjustment of status violates the governing statute, discriminates against certain classes of immigrants based on their religion, and violates the Religious Freedom Restoration Act ("RFRA"), the First Amendment, the Due Process clause, and the Equal Protection clause. Second Amended Complaint at ¶¶ 59-63. Plaintiffs argue that they are likely to succeed in showing that the class members are statutorily eligible to apply for adjustment of status, that CIS' policy infringes on the free exercise of religion, and that CIS is treating similarly-situated individuals differently. Plaintiffs have raised serious legal and/or factual questions regarding their statutory, RFRA, and Equal Protection claims.[2] Based on the limited record currently available, the Court finds that plaintiffs have a fair chance of success on the merits of each of these claims. The Court cannot, however, conclude that the facts and law on any of these claims favor plaintiffs to such an extent that mandatory injunctive relief is

---

[2] The Court urges defendants to alter their briefing practices as suggested by the Honorable Richard A. Jones, United States District Judge, in Abdalla v. Mukasey, C07-1767RAJ (Dkt. # 16). Repeating a losing argument without acknowledging that the Court has already addressed the issue reflects a lack of care or lack of candor toward the tribunal that cannot be condoned. In response to plaintiffs' Equal Protection argument, for example, defendants again assert that the claim must fail because aliens are not a suspect classification. Opposition at 18. The Court rejected this argument in April because it mischaracterizes plaintiffs' claims, and yet defendants do not even mention the Court's prior ruling in their memorandum. To the extent defendants feel they must raise every argument at every opportunity in an effort to avoid a waiver, an appropriately-placed footnote noting the Court's ruling but reserving the issue for appeal would adequately reflect and protect the record.

ORDER GRANTING IN PART PLAINTIFFS' SECOND
MOTION FOR A PRELIMINARY INJUNCTION     -3-

justified.

(3) In order to obtain a prohibitory injunction, plaintiffs must also show that the balance of hardships tips sharply in favor of enjoining the further accrual of unlawful presence time and/or unauthorized employment for all class members during the course of this litigation. The status of the named plaintiffs and their family members is currently fixed by Court order. See Dkt. # 48 and # 69. The unnamed class members, however, are not so protected and have been accruing or will accrue unlawful presence time following the expiration of their visa status.

Being out of status for even one day has adverse implications for class members and their families. The most direct and potentially irremediable effects are the reduction in the grace period Congress provided for this class of alien and the increased possibility of detention or deportation for being out of status. If defendants delay the adjudication of employer petitions for immigration visas long enough, class members will have to depart from the United States before they can even file an application for adjustment of status. Defendants state, without any explanation, that being forced to depart from the United States is not an injury. Opposition at 7. The Court is hard-pressed to imagine a more traumatic and irreparable harm than being uprooted from your job, home, and community for an undetermined length of time. By maintaining the status of each class member as it currently exists, the Court will have the opportunity to determine whether defendants' policy against concurrent filings is lawful without risking irreparable (and potentially unjustified) harm to the class members. The Court finds that halting the accrual of unlawful presence time and/or unauthorized employment for all class members during the pendency of this litigation will continue the *status quo ante litem*, will prevent irreparable harm to class members and their families, and will not cause defendants any undue hardship.

For all of the foregoing reasons, the accrual of unlawful presence/unauthorized employment time against the class members is hereby STAYED until this litigation is resolved

or further order of this Court.  No security shall be required.

Dated this 21st day of August, 2008.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART PLAINTIFFS' SECOND
MOTION FOR A PRELIMINARY INJUNCTION       -5-