UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
GABRIEL RUIZ-DIAZ, *et al.*,

          Plaintiffs,

    v.

UNITED STATES OF AMERICA, *et al.*,

          Defendants.
_____

No. C07-1881RSL

ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on plaintiffs' "Motion for Summary Judgment" (Dkt. # 92), defendants' "Cross-Motion for Summary Judgment" (Dkt. # 96), defendants "Motion for Continuance of Plaintiffs' Motion for Summary Judgment and Cross-Motion for Summary Judgment" (Dkt. # 106), and defendants' "Motion to Amend Pleadings to Include Evidence from Depositions (Dkt. # 114). Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

**A. SUBJECT MATTER JURISDICTION PURSUANT TO 8 U.S.C. § 1252(a)(2)(B)(I) and (ii)**

Defendants argue that dismissal is appropriate because the Court lacks jurisdiction to review defendants' discretionary determination. This issue has already been resolved in plaintiffs' favor. See Dkt. # 46 at 5.

**B. IMMIGRATION AND NATIONALITY ACT ("INA") CLAIM**

The individual plaintiffs allege that they were statutorily eligible to file applications for adjustment of status, but that their applications were rejected in violation of INA § 245(a), 8 U.S.C. § 1255(a). Section 1255(a) provides that:

> The status of an alien who was inspected and admitted or paroled into the United States or the status of any other alien having an approved petition for classification as a VAWA self-petitioner may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

Defendants argue that plaintiffs have no statutory right to concurrently file I-360 visa petitions and I-485 applications for adjustment of status and that the Attorney General has the power to promulgated regulations addressing this issue. The challenged regulation, 8 C.F.R. § 245.2(a)(2)(i)(B), permits some aliens to file concurrently while requiring others, including religious workers, to wait until CIS has approved the employer's visa petition before filing their application for adjustment of status.[1]

The Court must determine whether 8 C.F.R. § 245.2(a)(2)(i)(B) is a valid exercise of the Attorney General's discretion to issue regulations regarding adjustment of status or whether it is contrary to the governing statute. Under <u>Chevron U.S.A., Inc v. Natural Resources</u>

---

[1] Section 245.2(a)(2)(i)(B) provides:

If, at the time of filing, approval of a visa petition filed for classification under section 201(b)(2)(A)(I), section 203(a) or section 203(b)(1), (2) or (3) of the Act would make a visa immediately available to the alien beneficiary, the alien beneficiary's adjustment application will be considered properly filed whether submitted concurrently with or subsequent to the visa petition, provided that it meets the filing requirements contained in parts 103 and 245. For any other classification, the alien beneficiary may file the adjustment application only after the Service has approved the visa petition.

ORDER GRANTING PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT – 2

Defense Council, Inc., 467 U.S. 837, 842 (1984), the first issue is whether Congress has unambiguously expressed its intent regarding the precise questions raised in this case, namely, whether plaintiffs are eligible to apply for adjustment of status and whether they are entitled to concurrent filing. If Congress has clearly spoken, the Court gives effect to "the unambiguously expressed intent of Congress." Morales-Izquierdo v. Ashcroft, 388 F.3d 1299, 1303 (9th Cir. 2004). Where the statutory language is ambiguous and the intent of Congress is unclear, the Court must determine "whether the regulation enacted by the agency is a permissible construction of the statute. If so, we must defer to the agency's interpretation." Bona v. Gonzales, 425 F.3d 663, 668 (9th Cir. 2005) (internal citation omitted).

Pursuant to 8 U.S.C. § 1255(a)(1), an alien must affirmatively apply for the benefit of adjustment of status: adjustment is not automatic or presumed. Defendants argue that because Congress has not expressly addressed the concurrent filing issue, 8 C.F.R. § 245.2(a)(2)(i)(B) is a valid exercise of the Attorney General's broad discretion to regulate the "timing and procedures aliens must follow when requesting adjustment . . . ." Opposition (Dkt. # 96) at 7. Plaintiffs do not dispute that the Attorney General has the authority to regulate the manner in which adjustment of status applications are made. The regulation challenged by plaintiffs goes beyond regulating the form of application, the materials to be supplied therewith, or the process of filing, however. Section 245.2(a)(2)(i)(B) prevents, sometimes permanently, otherwise eligible aliens from submitting the application for adjustment of status that is required by 8 U.S.C. § 1255(a)(1). The regulation has been used to affirmatively reject applications for adjustment submitted by members of the plaintiff class. The question before the Court is whether such a regulation is permissible under the statute.

Section 1255(a) applies to aliens who were "inspected and admitted or paroled into the United States . . . [or have] an approved petition for classification as a VAWA self-petitioner . . . ." Congress has clearly determined which aliens are eligible to apply for adjustment of

ORDER GRANTING PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT – 3

status. Bona, 425 F.3d at 670-71.  Where Congress intended to limit the categories of aliens who are eligible for adjustment of status, it did so explicitly in 8 U.S.C. § 1255(c), as further modified by 8 U.S.C. § 1255(i).  See Succar v. Ashcroft, 394 F.3d 8, 25 (1st Cir. 2005). Plaintiffs maintain, and defendants do not contest, that they are statutorily eligible to apply for adjustment of status.  Nevertheless, defendants rejected or prevented the filing of their applications on the ground that they did not meet an additional, unmentioned requirement, namely the possession of approved visa petition.  Even if 8 C.F.R. § 245.2(a)(2)(i)(B) can properly be characterized as a timing or procedural regulation, it is not a permissible exercise of the Attorney General's discretion because it conflicts with Congress' unambiguous determination of who is eligible to apply.

Furthermore, the language of 8 C.F.R. § 245.2(a)(2)(i)(B) suggests that it is not a regulation of the application process under § 1255(a)(1), but rather an interpretation of "immediately available" as that phrase is used in § 1255(a)(3).  Congress has determined that an alien is eligible for adjustment of status if "an immigrant visa is immediately available to him at the time his application is filed."  8 U.S.C. § 1255(a)(3).  There are at least two possible interpretations of this requirement.  First, one could argue that a visa is "immediately available" to an applicant if the Department of State has an immigrant visa number available for distribution on the date the I-485 application is filed.  In the alternative, this requirement could mean that the alien must be eligible for immediate assignment of an immigrant visa number, *i.e.*, that the visa petition filed by the employer on the alien's behalf has already been approved and the government simply needs to process the I-485 application.  Based on the record produced by the parties, the Court assumes that either of these interpretations would be a permissible construction of the statutory language.

It appears, however, that defendants declined to choose between the competing interpretations.  The challenged regulation either defines "immediately available" differently

ORDER GRANTING PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT – 4

depending on the classification of the applicant or waives the requirement in certain circumstances. The first tact is unreasonable and the second is contrary to Congress' intent. The effect of 8 C.F.R. § 245.2(a)(2)(i)(B) is to allow certain aliens, such as priority workers under 8 U.S.C. § 1153(b)(1), to file applications for adjustment of status if the State Department still has numbers available and a visa petition has been filed. Religious workers, however, may not apply for adjustment of status until CIS has actually approved the visa petition. Under the regulation, having an "immigration visa immediately available" means two different things depending on the classification of the alien. Because there is no canon of statutory construction that allows the same language in the same statutory provision to have two conflicting meanings, the Court finds that, to the extent "immediately available" is defined in multiple ways, the interpretation set forth in 8 C.F.R. § 245.2(a)(2)(i)(B) is not permissible. INS v. Aguirre-Aguirre, 526 U.S. 415, 424 (1999) (where deference is appropriate, the question for the court is whether the agency's interpretation "is based on a permissible construction of the statute") (quoting Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 843 (1984)).

In the alternative, one could argue that the Attorney General has determined that approval of a visa petition is necessary to make a visa "immediately available" to an alien beneficiary, but that he waived that requirement for certain non-religious workers through the promulgation of 8 C.F.R. § 245.2(a)(2)(i)(B). The language and syntax of the regulation support this argument. In effect, the Attorney General has interpreted 8 U.S.C. § 1255(a)(3) restrictively and then waived its application to certain classes of aliens. Congress, however, has determined that an immigrant visa must be "immediately available to [the alien] at the time his application is filed." 8 U.S.C. § 1255(a). The challenged regulation is inconsistent with this statutory requirement to the extent it authorizes defendants to ignore the "immediately available" language for certain categories of applicants. Although the Attorney General is entitled to deference when interpreting ambiguous statutory language, he may not adopt one possible

ORDER GRANTING PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT – 5

interpretation and then ignore the statutory requirement whenever he sees fit.

For all of the foregoing reasons, the Court finds that 8 C.F.R. § 245.2(a)(2)(i)(B) is an unreasonable and impermissible construction of the governing statute. The Attorney General does not have discretion to choose who is eligible to apply for adjustment of status (that determination having been made by Congress), to interpret the same statutory provision in different ways depending on the classification of the applicant, or to waive a statutory requirement. Defendants may not, therefore, reject or refuse to accept plaintiffs' applications for adjustment of status based on the regulation barring religious workers from concurrent filing.

Having found that 8 C.F.R. § 245.2(a)(2)(i)(B) is inconsistent with the governing statute and therefore invalid, there does not appear to be a need for the Court to evaluate the constitutionality of the regulation or its validity under the Religious Freedom Restoration Act ("RFRA").[2] Plaintiffs' motion for summary judgment (Dkt. # 92) is GRANTED and defendants' cross-motion (Dkt. # 96) is DENIED. Plaintiffs have requested various forms of relief in the proposed order submitted with their motion. Dkt. # 92. Although the directives and injunctions sought are properly focused on avoiding or ameliorating the injuries that arise from enforcement of the invalid regulation, the proposed order is far-reaching. Defendants, whose papers addressed the merits of plaintiffs' claims, have not commented on the propriety of the proposed order.

The parties shall, within twenty days of the date of this Order, conduct a good faith conference regarding the form of order and judgment to be entered in this matter. If agreement can be reached, a joint proposed order and judgment shall be submitted on or before April 17,

---

[2] Defendants' "Motion for Continuance of Plaintiffs' Motion for Summary Judgment" (Dkt. # 106) is therefore DENIED. Defendants' recent supplementation of the record regarding the RFRA claim (Dkt. # 114) has been accepted for the record, but the Court declines to determine whether RFRA has been violated.

ORDER GRANTING PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT – 6

2009, for the Court's review. If agreement cannot be reached, each side may simultaneously file and serve a proposed order and judgment, with a supporting memorandum, on that date: opposition memoranda, if any, would be due ten days later.

Dated this 23rd day of March, 2009.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge