UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
)
GABRIEL RUIZ-DIAZ, *et al.*,      )
)  No. C07-1881RSL
                Plaintiffs,       )
        v.                        )  ORDER DIRECTING ENTRY OF
                                  )  JUDGMENT
UNITED STATES OF AMERICA,         )
*et al.*,                         )
                                  )
                Defendants.       )
_____)

On March 23, 2009, the Court found that 8 C.F.R. § 245.2(a)(2)(i)(B) was an unreasonable and impermissible construction of the governing statute and granted plaintiffs' motion for summary judgment. Rather than sign the proposed order provided with plaintiff's motion, the Court provided defendants an additional opportunity to consider and comment upon the practical and legal effects of the relief requested. The Court noted that, although the directives and injunctions sought were far-reaching, they were properly focused on avoiding or ameliorating the injuries that arose from enforcement of the invalid regulation. Dkt. # 118 at 6. Having reviewed the memoranda presented by the parties, including the supplemental authority submitted by plaintiffs on June 8, 2009, IT IS HEREBY ORDERED that:

(1) The bar against concurrent filings on behalf of religious workers, as set forth in 8 C.F.R. § 245.2(a)(2)(i)(B), is an impermissible construction of 8 U.S.C. § 1255(a) and is, therefore, invalid and unenforceable;

(2) Defendants shall accept as properly filed adjustment of status applications (Form I-

ORDER DIRECTING ENTRY OF JUDGMENT

485) and employment authorization applications (Form I-765) from individuals who are beneficiaries of petitions for special immigrant visas (Form I-360), whether submitted concurrently with or subsequent to the visa petition, provided the applications meet defendants' valid filing requirements. See 8 C.F.R. §§ 103.2 and 245.2(a)(3); 8 C.F.R. § 274a.13; Instructions on Forms I-485 and I-765. Except as noted in paragraphs (3) and (4), defendants shall adjudicate these applications in the same manner that it adjudicates adjustment of status and employment authorization applications from non-religious worker applicants.

(3) Beneficiaries of petitions for special immigrant visas (Form I-360) whose Form I-485 and/or Form I-765 applications were rejected by defendants pursuant to 8 C.F.R. § 245.2(a)(2)(i)(B) and who reapply under paragraph (2) of this Order are entitled to a have their applications processed as if they had been submitted on their original submission date. Any employment authorization that is granted shall be retroactive to the original submission date.

(4) For purposes of 8 U.S.C. § 1255(c) and § 1182(a)(9)(B), if a beneficiary of a petition for special immigrant visa (Form I-360) submits or has submitted an adjustment of status application (Form I-485) or employment authorization application (Form I-765) in accordance with the preceding paragraphs, no period of time from the earlier of (a) the date the I-360 petition was filed on behalf of the individual or (b) November 21, 2007, through the date on which the United States Citizenship and Immigration Services ("CIS") issues a final administrative decision denying the application(s) shall be counted as a period of time in which the applicant failed to maintain continuous lawful status, accrued unlawful presence, or engaged in unauthorized employment.

(5) A spouse or child of an individual who is the beneficiary of a petition for special immigrant visa (Form I-360) shall, if not otherwise entitled to an immigrant status and immediate issuance of a visa under 8 U.S.C. § 1153(a), (b), or (c), be entitled to the same status and the same order of consideration as the beneficiary.

(6) The accrual of unlawful presence, unlawful status, and unauthorized employment time against the beneficiaries of pending petitions for special immigrant visas (Form I-360) shall be STAYED for 90 days from the date of this Order to allow the beneficiaries and their family members time in which to file adjustment of status petitions (Form I-485) and/or applications for employment authorization (Form I-765).

(7) Defendants shall, within 15 days of the date of this Order, mail and/or e-mail a copy of the attached notice to every person or entity who has a pending I-360 visa petition and to the list of religious, non-governmental, and community organizations maintained by CIS.

(8) Defendants shall, within 15 days of the date of this Order, post a copy of the attached notice on the CIS webpage under "Legal Settlement Notices" and maintain the posting for a period of one year. Defendants shall also revise the webpages regarding Forms I-360, I-485, and I-765 to delete references to the bar on concurrent filings and to include a link to the attached notice.

(9) The Court shall retain jurisdiction to enforce the terms of this Order. If disputes arise concerning agency compliance, counsel for plaintiffs shall provide written notice of the perceived problem to counsel for defendants. The parties shall meet and confer in an effort to resolve such disputes: any unresolved issues may be brought to the Court's attention via motion.

The Clerk of Court is directed to enter judgment in this matter in favor of plaintiffs and against defendants.[1]

---

[1] In their proposed order, defendants request a stay "pending any appeal taken in this case." Dkt. # 121 at 4. To justify a stay pending appeal, defendants must show (1) that there is a strong likelihood that they will succeed on the merits of their appeal; (2) that they will suffer irreparable injury if the proceeding is not stayed; (3) that a stay would not substantially injure any other party; and (4) that a stay is in the public's interest. See Hilton v. Braunskill, 481 U.S. 770, 776 (1987). Because defendants have not addressed any of the relevant factors, their request for a stay is DENIED.

1       Dated this 11th day of June, 2009.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DIRECTING ENTRY OF JUDGMENT    -4-